COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Bumgardner and
        Senior Judge Hodges


GRACE MATTHEWS

                                    MEMORANDUM OPINION*
v.    Record No. 2496-01-4              PER CURIAM
                                     DECEMBER 11, 2001
HOMEPLACE HOLDINGS, INC. AND
 ASSOCIATED INDEMNITY CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Grace Matthews, pro se, on brief).

            (Daniel E. Lynch; John T. Cornett, Jr.;
            Williams & Lynch, on brief), for appellees.


        Grace Matthews (claimant) contends the Workers'

Compensation Commission erred in finding that she failed to

prove she sustained an injury by accident arising out of and in

the course of her employment on April 20, 1999.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,'

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a claimant must prove the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  <u>See</u> <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to establish an injury by accident, the full commission adopted and affirmed the following credibility determination rendered by the deputy commissioner:

> The issue here is one of credibility. We have benefited from the opportunity to observe the witnesses in this case.  Based upon the demeanor of these witnesses, we find that the claimant did not suffer an injury by accident as claimed.  We do not find her testimony credible.  She describes a rather significant injury, one involving the tumbling of 7 or 8 boxes from a height of 40 to 50 feet.  And yet, no one knew anything about this incident.  She never mentioned the incident or an injury to anyone.  Moreover, she worked for almost two months without any apparent physical discomfort or injury.  She claims to have reported the injury to Ms. Lemmons, a person the claimant insists was a manager or supervisor.  However, all the witnesses agree that Ms. Lemmons was nothing more than a co-worker of the claimant.  Further, when Mr. Kimber asked Ms. Lemmons about the incident, Ms. Lemmons knew nothing about it.

- 2 -

As fact finder, the commission was entitled to accept the testimony of employer's witnesses and to reject claimant's testimony that she sustained an injury by accident as claimed. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether claimant sustained an injury by accident on April 20, 1999 was dependent upon her credibility. The commission, in considering the testimony of the witnesses and the content of the medical records, found that claimant's evidence was insufficient to establish her claim.

In light of employer's witnesses' testimony, the lack of any evidence of medical treatment shortly after the alleged accident, and the conflicting medical histories, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.